UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| DONALD WAYNE BUSH and | ) Cause No. 1:15-cv-1318-WTL-DKL |
| KIMBERLY ANN BUSH, | ) |
| | ) Bankruptcy Cause No. 14-9053-JMC |
| Debtors. | ) Chapter 7 |
| | ) |

## ENTRY ON JUDICIAL REVIEW

This cause is before the Court on an appeal by the United States of America of two rulings of the Bankruptcy Court: an order granting the Debtors' Motion to Determine Tax Liability and an order denying the United States' motion to reconsider that order. For the reasons set forth below, the bankruptcy court's rulings are **REVERSED**, **the Debtors' first motion to strike (Dkt. No. 18) is DENIED, and the Debtors' second motion to strike (Dkt. No. 20) and the United States' motion to expedite (Dkt. No. 22) are DENIED AS MOOT.**

### I. BACKGROUND

On September 6, 2013, the IRS issued a Notice of Deficiency to the Debtors asserting tax deficiencies in the amount of $107,034 and fraud penalties in the amount of $80,275.50 (75% of the taxes owed) for tax years 2009, 2010, and 2011. On September 23, 2013, the taxpayers filed a petition with the United States Tax Court, which had the effect of barring the IRS from assessing or collecting the tax until the Tax Court case was concluded. During the Tax Court proceedings, the parties reached stipulations that reduced the tax deficiencies for the three years to a total of $100,136. The only issue thus remaining before the Tax Court was whether the Debtors' returns were fraudulent, which would result in the assessment of 75% fraud penalties

under IRC § 6663(a), or negligent, which would result in the assessment of 20% penalties under IRC § 6662(a).

On September 30, 2014, the morning the Tax Court trial was scheduled to begin, the Debtors filed a Chapter 13 bankruptcy petition, which automatically stayed the commencement of the Tax Court trial.  In response, the United States filed an emergency motion to lift the automatic stay.  The United States' motion was denied by the Bankruptcy Court.

The Debtors filed their schedules of assets and liabilities on October 14, 2014, listing assets worth $308,748.00 and liabilities of $281,750.  The liabilities did not include federal and state taxes; the Debtors listed the amount of these liabilities as "unknown," but noted that the federal tax liability was "$100,000ish."

On October 15, 2014, the Debtors filed a Notice of Conversion to Chapter 7.  The next day, the IRS filed a Proof of Claim, which was objected to by the Debtors and which was amended several times over the course of the next several months.  As noted above, the parties eventually stipulated that the amount of taxes owed by the Debtors (excluding any penalties and interest) was $100,136.

In the meantime, on December 28, 2014, the Debtors filed a Motion to Determine Tax Liability pursuant to 11 U.S.C. § 505 ("§ 505 motion").  The Debtors stated in the motion that because they believed they would be able to reach an agreement with the IRS with regard to the amount of tax owed, the primary dispute was whether the IRS was entitled to the 75% tax penalty it sought.  Accordingly, they asked the Bankruptcy Court to "establish that IRS is owed the tax, but not the fraud penalty."

The Bankruptcy Court issued the Debtors a general discharge on March 16, 2015.  This lifted the automatic stay and permitted the Tax Court proceeding to resume.  The Tax Court

scheduled a trial for October 2015. This trial eventually was continued to permit resolution of this appeal.

The United States responded to the Debtors' § 505 Motion on May 19, 2015, asking that the Bankruptcy Court dismiss the motion for lack of jurisdiction or, alternatively, that the Bankruptcy Court abstain from deciding the tax issue in favor of allowing it to proceed before the Tax Court. After the motion was fully briefed and a hearing was held, the Bankruptcy Court granted the Debtors' § 505 Motion; it also denied the United States' subsequent motion to reconsider that ruling. The United States filed a Notice of Appeal and a Motion for Leave to Appeal those rulings, which this Court granted. The issues presented are now ripe for this Court's review.

## II.  **PRELIMINARY MATTERS**

There are three ancillary motions to resolve before turning to the merits of the United States' appeal. First, the Debtors move to strike the United States' reply brief as untimely. As the United States correctly points out, the Debtors' calculation of the date the reply brief was due failed to account for the additional three days "for mailing" that are added pursuant to Fed. R. Bankr. P. 9006(f). The reply brief was not late, and the motion to strike (Dkt. No. 18) is **DENIED**.

Next, the Debtors have moved to strike the declaration of the Trustee that was attached to the United States' reply brief because it is not part of the Record on Appeal. As it is not necessary for the Court to consider that declaration in ruling on this appeal, the motion to strike (Dkt. No. 20) is **DENIED AS MOOT**.

Finally, the United States filed a Request to Expedite Decision and Statement Regarding Oral Argument (Dkt. No. 22). The Court has determined that oral argument is not necessary, as

the parties have thoroughly briefed the relevant issues.  The request to expedite is **DENIED AS MOOT**.

### III.  DISCUSSION

The United States argues that the Bankruptcy Court erred when it found that it had jurisdiction to determine the amount of the Debtors' tax penalties or, alternatively, that the Bankruptcy Court should have abstained from making that determination in favor of permitting the Tax Court proceeding to go forward.  When reviewing a decision of the Bankruptcy Court, conclusions of law made by the Bankruptcy Court are reviewed de novo, *In re Jepson*, 816 F.3d 942, 944 (7th Cir. 2016), while a Bankruptcy Court's decision whether to abstain is reviewable only for an abuse of discretion, *Matter of U.S. Brass Corp.*, 110 F.3d 1261, 1268 (7th Cir. 1997) (citations omitted).

"The jurisdiction of the bankruptcy courts, like that of other federal courts, is grounded in, and limited by, statute."  *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 (1995).  Pursuant to 28 U.S.C.A. § 1334(b), bankruptcy jurisdiction is limited to "civil proceedings arising under title 11, or arising in or related to cases under title 11."  *Id*.  The Debtors, citing *In re Luongo*, 295 F.3d 323 (5th Cir. 2001), argue that the statute pursuant to which their motion is brought, 11 U.S.C. § 505, independently grants bankruptcy courts jurisdiction to decide the tax liability of a debtor.[1]  While it is true that some courts have so held, the Court disagrees that § 505 permits a bankruptcy court to exercise jurisdiction over matters that do not otherwise satisfy 28 U.S.C.A. § 1334, the statute that establishes bankruptcy jurisdiction.  *See In re Johnston*, 484 B.R. 698, 712 (Bankr. S.D. Ohio 2012) (holding that § 505 is not an independent grant of jurisdiction) (citing

---

[1]The Debtors cite to language in IRS Publication 508 that they believe supports their position.  Even assuming that the Debtors' reading of the publication is correct, subject matter jurisdiction obviously cannot be created by the "admission" of a party.

4

*In re Swain*, 437 B.R. 549, 562 (Bankr. E.D. Mich. 2010) and *United States v. Zelles (In re CNS, Inc.)*, 255 B.R. 198, 201 (N.D. Ohio 2000), but noting the contrary holdings of other courts). Accordingly, the question is whether the Debtors' § 505 motion is a "civil proceeding[] arising under title 11, or arising in or related to [a case] under title 11."

The determination of the amount of tax penalties owed by the Debtors clearly does not satisfy "arising in" jurisdiction, which are "administrative matters that arise *only* in bankruptcy cases." *In re Repository Techs., Inc.*, 601 F.3d 710, 719 (7th Cir. 2010). However, the Debtors argue that the matter "arises under title 11" because 11 U.S.C.A. § 505(a)(1) provides that, with exceptions not applicable here, a bankruptcy court "may determine the amount or legality of . . . any fine or penalty relating to a tax." Since § 505 is a provision in title 11, and they have filed a motion pursuant to § 505 asking the Bankruptcy Court to determine the amount of a tax penalty, the Debtors assert that their request "arises under" Title 11.

Courts are divided on the question of whether proceedings under § 505 "arise under" Title 11. While the Debtors correctly cite *In re UAL Corp.*, 336 B.R. 370 (Bankr. N.D. Ill. 2006), in support of their position that "[t]he determination of tax liability provided for by § 505(a) 'arises under' the Bankruptcy Code" and therefore is a "core proceeding," and the Court recognizes that other courts have reached the same conclusion, the Court disagrees. The Seventh Circuit has defined proceedings "arising under Title 11" in the context of determining whether a proceeding is "core":

> A proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.

*Diamond Mortgage Corp. of Illinois v. Sugar*, 913 F.2d 1233, 1239 (7th Cir. 1990) (quoting

5

*Barnett v. Stern,* 909 F.2d 973, 981 (7th Cir. 1990)). By filing their motion under § 505, the Debtors are not invoking a "substantive right" under that statute, but rather a procedural one: They are seeking to have a substantive question of law that arises under the Internal Revenue Code decided by means of a procedure provided for by Title 11. Accordingly, the § 505 motion does not "arise under" Title 11.

That leaves the question of "related to" jurisdiction. The Seventh Circuit takes a more narrow view of "related to" jurisdiction than many other courts, holding that "a case is 'related' to a bankruptcy when the dispute affects the amount of property for distribution [i.e., the debtor's estate] or the allocation of property among creditors." *Matter of FedPak Sys., Inc.*, 80 F.3d 207, 213–14 (7th Cir. 1996). The United States argues that the dispute over the amount of tax penalties owed by the Debtors in this case does not satisfy this definition because "[d]etermination of the amount of the tax penalties cannot affect the amount of property available for distribution to creditors (or create a surplus for the debtors) because the penalties are subordinated to all other prepetition claims and the estate has insufficient assets to reach the penalties." Dkt. No. 14 at 30. In other words, the amount of property available for distribution to creditors from the estate will be the same whether the Debtors owe 20% negligence penalties or 75% fraud penalties, because there is no scenario under which funds from the estate will be used to satisfy the penalties.

The Court agrees with the United States that the § 505 motion cannot be "related to" the bankruptcy case for jurisdiction purposes unless its resolution will affect the amount of money available to distribute to creditors from the estate. The Debtors note repeatedly that whether a surplus might exist in the estate but for any tax penalties has not yet been decided and assert that

6

"a strong possibility remains that a surplus exists." Dkt. No. 15 at 14 n.4.  Their only explanation for this assertion is the following passage from their brief:

> In the Debtors' case here, there is a reasonable possibility of a surplus. Debtors sought a determination of the amount and dischargeability of the tax debts, including penalties and interest. The Bankruptcy Court has the penalty and interest issue under advisement . . . and has not yet made a determination.  A determination by the Bankruptcy Court that penalties and interest are discharged would result in IRS' claim being approximately $107,000.00. Debtors' house alone ($118,000 based on realtor.com) can satisfy that debt. That discharge would free up assets in excess of all creditor claims. There are still more than $20,000 in other assets that the Trustee will have, providing a surplus to the Debtors.

Dkt. No. 15 at 26.  This argument ignores the fact that over $60,000 in claims have been made against the estate by creditors other than the IRS.  *See* Dkt. No. 8-2 at 15-19 (Claims Registry Summary).[2]  The Debtors do not suggest that any of those claims will not be allowed and payable out of the estate, nor do they dispute that those claims will have priority over any tax penalties that are not discharged by the Bankruptcy Court.  Taking the Debtors' argument at face value and assuming that the house will generate enough to satisfy the $107,000 nondischargeable[3] tax obligation, the "more than $20,000 in other assets" that the Debtors assert will be available in the estate clearly are not sufficient to satisfy over $60,000 in claims and any administrative costs.  Given the fact that the record cannot support a finding that any tax penalties will be paid from the estate, it is irrelevant to the administration of the estate how much those tax penalties are.  Accordingly, that determination is not "related to" the bankruptcy, and the Bankruptcy Court lacked jurisdiction to make it.  Assuming some or all of those penalties are not dischargeable, the Debtors clearly have an interest in how much they are; they simply are not

---

[2] It is unnecessary for the Court to take judicial notice of this fact, as requested by the United States, or to consider the declaration submitted by the United States along with its reply brief, to which the Debtors object, inasmuch as the claims registry is part of the appellate record.

[3] While the Debtors originally asserted that the underlying taxes were dischargeable, they eventually "consented" to them being "nondischargeable and priority."  Dkt. No. 8 at 563.

7

entitled to have that determination (as opposed to the issue of dischargeability) made as part of their bankruptcy proceeding.

## IV. CONCLUSION

For the reasons set forth above, the Bankruptcy Court erred in determining that it had jurisdiction to determine the amount of tax penalties owed by the Debtors. The Debtors' Motion to Determine Tax Liability must be **DENIED**. Accordingly, the Bankruptcy Court's rulings are **REVERSED** and this case is **REMANDED** to the Bankruptcy Court for further proceedings consistent with this ruling.

SO ORDERED: 8/12/16

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification